952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Asil GEZEN, Defendant-Appellant.
 No. 91-7696.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 25, 1991.
Decided Jan. 3, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. (CR-91-97-A), Claude M. Hilton, District Judge.
 Jonathan Shapiro, Jonathan Shapiro & Associates, P.C., Alexandria, Va., for appellant.
 Richard Cullen, United States Attorney, Mark J. Hulkower, Assistant United States Attorney, Sherrie S. Hardwick, Third Year Law Student, Alexandria, Va., for appellee.
 E.D.Va.
 REVERSED AND REMANDED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINSON and LUTTIG, Circuit Judges.
 OPINION
 LUTTIG, Circuit Judge:
 
 
 1
 Appellant Asil Gezen appeals a decision by the United States District Court for the Eastern District of Virginia denying his motion to enforce a plea agreement with the United States so as to prohibit the Department of Defense from debarring him from federal procurement. We agree with appellant that the plea agreement prevents the proposed Defense Department debarment and therefore reverse.
 
 I.
 
 2
 Asil Gezen has been a dealer in international military spare parts for the past fifteen years. Appellant's Br. at 3. On March 14, 1991, following months of negotiation, Mr. Gezen and the United States entered into a written plea agreement that was accepted by the district court. Joine Appendix at 2 (J.A.). In that agreement, Mr. Gezen pled guilty to one count of unlawfully, knowingly, and willfully entering military hardware into the United States by means of a false statement as to its country of origin, in violation of 18 U.S.C. § 542. Id. On August 21, 1991, the Defense Logistics Agency, a division of the Department of Defense, served notice on Mr. Gezen that, as a result of his guilty plea, he had been proposed for immediate debarment from conducting any business with the federal Government for a period of two years. Id. at 26; Appellant's Br. at 5-6.[1] On September 25, 1991, Mr. Gezen filed with the district court a motion to enforce the terms of the plea agreement, in which he argued that the agreement prevented the Department of Defense from debarring him from federal procurement. The district court denied the motion, id. at 44, and Mr. Gezen appeals.[2]
 
 II.
 
 3
 The entire dispute in this case concerns the meaning of paragraph eleven of the plea agreement, which provides as follows:
 
 
 4
 The government, after having consulted with the appropriate sections at the Department of State and Department of Commerce, agrees as a part of this Plea Agreement that the plea by defendant to the above-stated violation of Title 18, United States Code, Section 542, will not subject him to the loss of his import and export licensing privileges, or such other sanctions as may be applicable under Title 22, United States Code, Section 2778(g), or under Title 50, Appendix, United States Code, Section 2410(y), or under the Code of Federal Regulations. The government further agrees to advise the Department of Defense and other appropriate debarment authorities of the existence and nature of this agreement.
 
 
 5
 Id. at 5. The district court concluded that this paragraph was "as clear as can be on its face," id. at 22, and that it did not purport to prevent the Department of Defense from debarring Mr. Gezen as a result of his guilty plea. The court believed that the first sentence of the paragraph could be read only to prohibit revocation of Mr. Gezen's import and export licenses by the Departments of State and Commerce, and could not be read to prevent debarment by the Department of Defense. It believed that the second sentence could only be understood as an agreement to "advise or give any information about [Mr. Gezen's] cooperation in hopes [the Defense Department] might not [debar Mr. Gezen] or to help him prevent a debarment." Id. at 18.[3] Thus, the court held that the paragraph says specifically that the Government will furnish information and cooperate in his keeping good relations with the Department of Defense. But there is nothing in that paragraph that binds the Government to prevent him from being debarred.
 
 
 6
 Id. at 21.
 
 
 7
 Mr. Gezen contends here, as he did in the district court, that the first sentence of paragraph eleven does "not purport to limit itself to preventing actions by [the Departments of State and Commerce]. It merely set out that those departments had been contacted." Appellant's Br. at 15. He argues that the first sentence, by its terms, prohibits "the government," and thereby any of its agencies or departments, from revoking his import and export licenses or imposing any other sanction under the Code of Federal Regulations as a result of his guilty plea.
 
 
 8
 We agree with Mr. Gezen that the plain language of the first sentence of paragraph eleven prevents his debarment by the Defense Department. The first sentence unambiguously provides, as appellant argues, that "[t]he government, after having consulted with the appropriate sections at the Department of State and Department of Commerce, agrees ... that the plea by defendant ... will not subject him to ... such other sanctions as may be applicable ... under the Code of Federal Regulations." J.A. at 5 (emphasis added). The Department of Defense is a part of "the government," and debarment is a federal regulatory sanction available for conduct of the type to which appellant pled guilty.[4]
 
 
 9
 The United States contends, as the district court held, that the first sentence of paragraph eleven only "speaks to action by the Departments of State and Commerce," Appellee's Br. at 9, and, indeed, that the sentence is "expressly limited to the Departments of State and Commerce," id. at 6. It argues that the "agreement states" that "the United States Attorney, together with the Department of State and the Department of Commerce, agree that the defendant would not lose his import/export privileges." Id. at 10. Any other meaning, the Government maintains, "can only be gleaned through a grammatically twisted and artificial reading" of the first sentence of paragraph eleven. Id. This reading of the paragraph's first sentence by the Government and the district court is flawed in two obvious and material respects.
 
 
 10
 The plea agreement does not state "expressly," or otherwise, either that the United States Attorney and the Departments of State and Commerce agreed to be subject to the terms of the plea, or that only the United States Attorney and the Departments of State and Commerce undertook the obligations recited in the plea. The agreement states that the Departments of State and Commerce had been consulted prior to the agreement, not that they had agreed with the United States Attorney not to sanction appellant. More importantly, the agreement states, in terms, that the Government, not merely the United States Attorney and the Departments of State and Commerce, undertook the obligation not to subject appellant to the loss of import/export privileges or other applicable sanctions.[5] "The United States government is the United States government throughout all of the states and districts." United States v. Carter, 454 F.2d 426, 428 (4th Cir.1972) (en banc ). The United States Attorney thus clearly purported to bind the entire federal Government, not only himself and the Departments of State and Commerce as he now contends.[6] Cf. id. (agreement by one United States Attorney that defendant will not be prosecuted anywhere binds entire federal Government); United States v. Harvey, 791 F.2d 294, 302-03 (4th Cir.1986) (same). If he intended to commit only certain parts of the Government to the terms of the agreement, he was obliged to do so explicitly; a defendant should not be subject to post hoc determinations by the Government as to which of its departments, agencies, and officials comprise "the Government" for purposes of the defendant's agreement.
 
 
 11
 In sum, the terms of the plea agreement between the United States and Mr. Gezen are clear and unambiguous. They bind the federal Government not to subject Mr. Gezen to loss of his import and export licenses or any other applicable sanctions as a consequence of his plea. These terms were painstakingly negotiated by the United States Government's representatives over a period of months. The Government, at least jointly with the defendant, if not alone, drafted the relatively short, simple agreement. It should be bound by the terms of its agreement whether or not that agreement ultimately has the effect anticipated at the time of execution. The Government, no less (and arguably more) than a private citizen, must be held to the agreements it enters into with its citizens.
 
 
 12
 Accordingly, the Department of Defense is prevented by the terms of the Government's plea agreement with Mr. Gezen from debarring Mr. Gezen as a result of his plea. The district court's judgment is reversed and the case is remanded to that court for proceedings not inconsistent with this opinion.
 
 
 13
 REVERSED AND REMANDED.
 
 
 14
 POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINSON, Circuit Judge, joined.
 
 
 
 [1]
 The United States Attorney thereafter, at appellant's request, wrote a letter to the Defense Department on Mr. Gezen's behalf, in which he stated that "Mr. Gezen cooperated with the United States and freely and voluntarily admitted his involvement in the offense and provided evidence regarding the involvement of others." J.A. at 23-24. The United States Attorney stated that his office believed that "Mr. Gezen was candid and forthcoming and that his expressions of remorse for his offense were sincere," and that "the disposition [agreed upon by his office was] a full and fair resolution of the charges against [Mr. Gezen]." Id
 
 
 [2]
 The Government did not oppose appellant's request that the case be submitted on the briefs, and the request was granted on November 25, 1991
 
 
 [3]
 The court also rested its decision in part upon a belief that the Department of Justice had "no authority to prevent ... debarment" by the Defense Department. J.A. at 18. The United States argued below that a United States Attorney would be without authority to prevent the Department of Defense from debarring Mr. Gezen. See, e.g., id. at 16. The Government, however, does not advance that argument before this court and, as a consequence, we do not consider the question
 
 
 [4]
 The Government does not dispute that the proposed debarment would be effectuated pursuant to federal regulations. In its notice to appellant, the Defense Logistics Agency cited 41 C.F.R. § 101-45.602 as authority for the proposed debarment. J.A. at 26
 
 
 [5]
 The Government asserts that "[u]nder basic rules of English grammar," the prepositional phrase in the first sentence "modifies the subject of the sentence ('the government') and qualifies the predicate beginning with the verb 'agrees'." Appellee's Br. at 10 (emphasis added). The Government must argue that the phrase serves both functions because it is clear from the actual text of the sentence that "the government" as a whole has undertaken the obligations in the agreement. In fact, however, the phrase is a prepositional phrase serving only the adverbial function of modifying the verb "agrees." As such, it cannot possibly limit the subject of the sentence in the manner that the Government suggests it does
 The Government also argues that "it is grammatically impossible to read the [first] sentence so that one portion of the predicate (loss of import/export privileges) is modified by the 'State and Commerce' clause, and the other portion of the predicate ('or such other sanctions') is not." Id. at 11. This is only true, of course, if one accepts the Government's interpretation of the prepositional phrase in the first sentence, which we reject.
 
 
 [6]
 The district court rejected this plain meaning of the first sentence of paragraph eleven because it believed that it was inconsistent with the second sentence. We disagree. The second sentence may be read, consistently with the first sentence, simply as an agreement by the United States Attorney to apprise the Defense Department and other debarment authorities that the Department of Justice, on behalf of the Government, has reached an agreement with the defendant under which he would not be debarred or otherwise sanctioned as a result of his plea